NORA A. LIVERSIDGE *vs.* BERKSHIRE STREET RAILWAY COMPANY.

SAME *vs.* SAME.

Berkshire. September 12, 1911. — November 28, 1911.

Present: RUGG, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Street Railway. Custom. Carrier,* Of passengers.

In actions by an administrator against a street railway corporation for the conscious suffering and death of the plaintiff's intestate, alleged to have been caused by an assault committed by a conductor of the defendant on the plaintiff's intestate in ejecting him from one of the defendant's cars, the plaintiff introduced evidence that the plaintiff's intestate boarded a crowded car of the defendant and stood in the vestibule, saying that there was no room for him inside, whereupon the conductor ordered him to go into the car or to get off, and, stopping the car, repeated this order, and that, when the intestate replied that there was no room inside, the conductor pushed him backward off the steps of the car, causing the injuries. There was uncontradicted evidence on both sides that the plaintiff's intestate was told by the conductor either to go inside the car or to get off. The plaintiff offered to show that at the time of the alleged assault there was a custom which had existed for a long time for passengers to ride in the vestibules of the defendant's cars, that this custom was known to the defendant and that no objection was made to passengers so riding. The judge excluded the evidence. *Held,* that the exclusion was right; that there was nothing in the alleged custom, if it existed, that compelled the defendant to permit passengers to ride in the vestibule, its only effect being to justify passengers in riding in the vestibule in the absence of objection on the part of the person in charge of the car, and that, when a passenger was notified by the conductor to go inside the car or to get off, such a custom became immaterial.

In an action by an administrator against a street railway corporation for the death of the plaintiff's intestate, alleged to have been caused by an assault committed by a conductor of the defendant upon the intestate in ejecting him from one of

the defendant's cars, where there was evidence that the car was crowded and that, when the plaintiff's intestate boarded the car and stood in the vestibule, he was told by the conductor either to go inside the car or to get off, the plaintiff asked for a ruling that, if there was a rule prohibiting persons from riding in the vestibule of a car and the defendant's servants "permitted the car to become so crowded that passengers could not with a reasonable degree of diligence get into the car, and while the car was in that condition stopped for and received the plaintiff's intestate and received fare for his passage, the plaintiff's intestate had a right to ride in the vestibule of said car until he could with a reasonable degree of diligence gain admission inside said car." The judge refused to give the instruction in that form and instructed the jury as follows : "If you find he [the intestate] was a passenger and was told by the conductor to go inside the car or else get off, he was bound to do so if there was a reasonable opportunity for him to get in the car ; if he could have got into the car reasonably and he did not want to go into the car, then he was bound to get off if the conductor gave him a reasonable opportunity to alight, for he cannot himself elect to stay upon the vestibule." The jury found that the plaintiff's intestate was not a passenger, and returned a verdict for the plaintiff in a sum which the plaintiff deemed insufficient. On exceptions alleged by the plaintiff, it was *said*, that the ruling requested was given in substance so far as it properly could be given, and that it could not have been ruled as matter of law, that, if the plaintiff had been received as a passenger, he "had a right to ride in the vestibule of said car until he could with a reasonable degree of diligence gain admission inside said car."

TWO ACTIONS OF TORT, by the administrator of the estate of Roger Liversidge, the first for personal injuries sustained by the plaintiff's intestate, and the second for his death, both alleged to have been caused by an assault committed by a conductor in the employ of the defendant upon the plaintiff's intestate, whereby the intestate was thrown from a car of the defendant in which he was travelling. Writ dated January 19, 1910.

In the Superior Court the cases were tried together before *Fessenden*, J. The evidence is described in the opinion. The offer of proof, which is referred to in the opinion, was an offer " to prove that at the time the plaintiff's intestate received his injuries there was an habitual custom that had long existed for passengers to ride in the vestibule of the defendant's cars on its road ; that this custom was known to the defendant ; that fares were taken up from the people so riding and no objection made to the same." The judge refused to admit this evidence.

The defendant introduced in evidence a rule contained in a book of rules of the defendant " for the guidance of conductors and motormen." The rule was under the heading " Handling Passengers" and was as follows : " Platform Clear. Conductor

must keep the rear platform and steps clear of passengers whenever there is room inside."

At the close of the evidence the plaintiff asked for the following rulings in each case:

"1. It is for the jury to say whether any rule or regulation offered by the defendant company prohibiting persons from riding in the vestibule or platform of its car, was intended by the defendant company to be enforced as such.

" 2. On the question whether any rule or regulation offered by the defendant company prohibiting persons from riding in the vestibule or platform of its car was intended to be enforced as such or had been waived by the company, it is competent for the jury to consider evidence of custom on the part of passengers riding in the vestibule of said car without objection on the part of said defendant company, its servants and agents.

"3. If the jury shall find that there was a rule or regulation on the part of the defendant company forbidding or prohibiting persons from riding in the vestibule of a car, and the defendant company by its servants and agents permitted the car to become so crowded that passengers could not with a reasonable degree of diligence get into the car, and while the car was in that condition stopped for and received the plaintiff's intestate and received fare for his passage, the plaintiff's intestate had a right to ride in the vestibule of said car until he could with a reasonable degree of diligence gain admission inside said car."

The judge refused to make these rulings. Among other instructions the judge instructed the jury as follows:

" Now there is evidence in this case tending to show that there was a rule that the conductors should require people to vacate the rear platform and go inside when there was room. It is a question of his obeying reasonably the requirements, if there was room inside. If he [the intestate] was told to go in or get off the car, then the conductor must give him a reasonable opportunity to alight in safety, because the conductor couldn't, if he was a passenger, the conductor couldn't require him to get off the car while it was in motion.

" There are many things that he has to do, and it is said in this case that there was a rule governing his conduct or directing his conduct under certain circumstances, a rule with

reference to the occupancy of the platform.  Now that rule is competent for you to consider in connection with the proper performance of his duties.  It's for us to take the rule into account as part of the circumstances of the case, if there was any such rule.

"There is a notice to keep passengers under those circumstances out of the vestibule.  You will have that rule before you.  I don't understand, gentlemen, this rule requires the conductor to keep passengers out of the vestibule under all circumstances, but it's where there is room for them inside.  I do not understand that this rule, although I am not prepared to say that they couldn't pass a rule whereby under all circumstances passengers should be kept from standing permanently in the vestibule, but that's not this case, because so far as the rule goes, it is where there was room inside, but you will have the rule before you, so that it would become important for you to see whether there was room inside or not, and if there was room inside, then, as I said yesterday, it's the duty of the passenger to go in.  It's his duty to go in, and if the conductor tells him to go in or else get off the car, it's his duty to get off if he doesn't want to go in.  He isn't obliged to go in.  He can get off the car, but he can't stay in the vestibule if he is requested not to do so.  I instruct you that positively in this case.  He needn't stay on the car, but if he does, he should go inside the room.  The conductor should give him a reasonable opportunity to alight, under those circumstances, if he elects to get off the car.  That's part of the conductor's duty. . . . It becomes important for you to ascertain what was the condition as near as you can, what was the condition inside.  It is said on the one hand that the car was crowded and there wasn't opportunity for him to go inside.  If that is so, of course he couldn't go inside.  He isn't bound to go inside if that is so."

In answer to a question of a juror in regard to whether the plaintiff's intestate was a passenger, the judge said, " If you find he was a passenger and was told by the conductor to go inside the car or else get off, he was bound to do so if there was a reasonable opportunity for him to get in the car; if he could have got into the car reasonably and if he did not want to go into the car, then he was bound to get off if the conductor gave him a

reasonable opportunity to alight, for he cannot himself elect to stay upon the vestibule."

The judge submitted to the jury two issues of fact in each case, as follows:

"First: Was the intestate a passenger on the defendant's car?

"Second: Was the intestate in the exercise of due care?"

The jury in each case answered both questions in the negative, and in each case returned a verdict for the plaintiff, in the first case in the sum of $750, and in the second case in the sum of $500. The plaintiff alleged exceptions.

The cases were submitted on briefs.

*J. F. Noxon, M. Eisner & J. B. Cummings,* for the plaintiff.

*H. W. Ely & J. B. Ely,* for the defendant.

MORTON, J. These are two actions of tort arising out of an assault committed by a conductor of the defendant on the plaintiff's intestate while ejecting him from one of the defendant's cars. The injuries received by the plaintiff's intestate resulted in his death. One action is for conscious suffering and the other for his death. There was a verdict for the plaintiff in each case with which the plaintiff is dissatisfied, and the cases are here on her exceptions to the rejection of evidence and to the refusal of the presiding judge to give certain rulings that were requested.

The plaintiff introduced evidence tending to show that her intestate boarded the car at the rear and that the car was crowded so that he could not enter it and he remained standing in the vestibule; that the conductor spoke to him and told him he must go into the car or get off and he replied that if the conductor would find him a place he would go in; that the conductor repeated his direction to go into the car or get off once or twice and then stopped the car and again told the plaintiff's intestate to go in and he replied there wasn't room, and the conductor then ejected him by pushing him backward off the steps of the car, thereby causing the injuries complained of. The defendant introduced evidence tending to contradict that of the plaintiff as to some of the circumstances under which the assault occurred though not as to the directions given by the conductor to the intestate to go inside the car. The jury found in answer to two questions submitted to them by the presiding judge that

the intestate was not a passenger and was not in the exercise of due care.

The plaintiff offered to show, as bearing upon the question of her intestate's due care and the negligence of the defendant, that at the time of the alleged assault there was a custom which had existed for a long time for passengers to ride in the vestibules of the defendant's cars, that this custom was known to the defendant and that no objection was made to passengers so riding. The evidence was excluded and the plaintiff excepted. We think that the evidence was rightly excluded. The custom, even if it existed, did not compel the defendant to permit passengers to ride in the vestibule. The only effect of it was to justify passengers in riding in the vestibule in the absence of any objection thereto on the part of the person or persons in charge of the running of the car. Uncontradicted evidence on both sides showed that the plaintiff's intestate was told by the conductor either to go inside of the car or to get off. We do not see, therefore, how the existence of a custom was material. The fact that the plaintiff's intestate was directed by the conductor to go inside or get off distinguishes this case from those relied on by the plaintiff to show that evidence of a custom on the part of passengers to ride in the vestibule or on the platform was admissible.

What we have said disposes, we think, of the first two requests. The first of those was that it was for the jury to say whether a rule of the company which had been introduced in evidence requiring conductors to keep the rear platform and steps clear of passengers when there was room inside was intended to be enforced by the company. The second was that in passing upon the question whether the rule was intended to be enforced evidence of a custom for passengers to ride upon the rear platform without objection was competent for the consideration of the jury. There was nothing to show except the alleged custom that the company had waived the rule. As we have said, the alleged custom did not compel the company to allow passengers to ride in the vestibule or on the rear platform, and when passengers were notified to go inside or get off the car the custom ceased to be of any consequence. We think that these requests were rightly refused.

The third request was given in substance and effect so far as it properly could be given.    We do not think that under the rule of the company or otherwise it could be said as matter of law that the plaintiff's intestate, having paid his fare and been received as a passenger, "had a right to ride in the vestibule of said car until he could with a reasonable degree of diligence gain admission inside said car."    He was subject to the direction of the conductor even after he had paid his fare and had been received as a passenger, and, if he was requested by the conductor to go inside or get off the car, he was bound to do so, leaving the question, if there was any, of the rightfulness of the conductor's action for future settlement.

The result is that we think that the exceptions should be overruled.

*So ordered.*